IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSTON, | : |
| | : |
|     Petitioner | : |
| | : |
| v. | : CIVIL NO. 4:CV-14-791 |
| | : |
| CHARLES E. SAMUELS, ET AL., | : (Judge Brann) |
| | : |
|     Respondents | : |

## **MEMORANDUM**

July 8, 2014

**Background**

    Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. Named as Respondents therein are Regional Director Charles Samuels of the Federal Bureau of Prisons (BOP); USP-Lewisburg Warden Thomas and other BOP and USP-Lewisburg officials. The Petition is accompanied by an in forma pauperis application.

    By decision dated April 24, 2014, the Northern District of New York transferred the matter to this Court pursuant to Rumsfeld v. Padilla, 542 U.S.426, 442 (2004)(jurisdiction for habeas corpus petitions challenging present physical

confinement lies in only one district; the district of confinement) without making any determination as to Houston's in forma pauperis application.

The Northern District of New York noted that the Petition "was difficult to decipher and much of it is nearly illegible." Doc. 8, p. 1. Moreover, the transferring Court observed that Houston's apparent claims of intimidation, discrimination, medical mistreatment, and failure to protect by USP-Lewisburg staff may be "more properly cast" in a civil rights action. See id. at p. 2.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A

petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the barely legible petition, it is apparent that Houston does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. Houston is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on a liberal construction of the averments asserted in his petition, Petitioner claims that he has been mistreated and denied proper medical care by USP-Lewisburg officials.

There is no discernible claim by Houston that the alleged violations of his constitutional rights included a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Houston's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Brown may have to reassert his present claims of constitutional misconduct by USP-Lewisburg officials in a  properly filed civil rights complaint.[1]  See David v.

---

[1] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Houston may file based upon the facts asserted herein.

United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge